UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| ROBERT A. ERVIN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Nos.: 3:10-CR-11 |
| | ) | 3:13-CV-347 |
| UNITED STATES OF AMERICA, | ) | (VARLAN/SHIRLEY) |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM**

This is a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 filed by petitioner Robert A. Ervin ("petitioner") with the assistance of counsel. Petitioner seeks to vacate his sentence in light of the Fair Sentencing Act of 2010 ("FSA") and the recent Supreme Court decision in *Dorsey v. United States*, 132 S. Ct.2321 (2012), in which the Court applied FSA retroactively to pre-FSA offenders sentenced after the FSA effective date. In response to the § 2255 motion, the United States does not oppose petitioner's request for resentencing and defers to this Court's discretion in modifying petitioner's sentence in light of *Dorsey*, subject to consideration of 18 U.S.C. § 3553(a). Under the circumstances, petitioner's § 2255 motion will be **GRANTED**, his sentence of 60 months will be **VACATED**, and a new sentence of 41 months will be **IMPOSED**.

Petitioner pleaded guilty to distributing five grams or more of crack cocaine. His advisory sentencing guideline range was 41 to 51 months. Petitioner was, however, sentenced to the mandatory minimum term of imprisonment of 60 months in effect at the

time. Because petitioner is no longer subject to a mandatory minimum term of imprisonment based upon the quantity of crack cocaine, the Court finds that a term of imprisonment of 41 months is an appropriate sentence in this case, in light of the factors set forth in 18 U.S.C. § 3553(a). There is no need for an evidentiary hearing on the § 2255 motion nor does the Court need to conduct a new sentencing hearing. *See United States v. Hadden*, 475 F.3d 652, 669 (4th Cir. 2007) (§ 2255 affords a district court the authority to correct an unlawful sentence without the necessity of a formal resentencing hearing).

Petitioner's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 will be **GRANTED** to the extent his sentence of 60 months will be **VACATED** and the Court will **IMPOSE** a new sentence of 41 months. The Court will enter an Amended Judgment to that effect. If this sentence is less than the amount of time the petitioner has already served, the sentence is reduced to a "time served" sentence. The Court's Order shall take effect ten (10) days from its entry in order to give the Bureau of Prisons time to process the release of the petitioner.

**AN APPROPRIATE ORDER WILL ENTER.**

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE